IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE CAPLE, #165321,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:03-CV-557-D |
| ) | WO |
| ) | |
| ARNOLD HOLT, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Wayne Caple ("Caple"), a state inmate, contends that during his confinement at the Bullock County Correctional Facility ("Bullock") the defendants acted with deliberate indifference to his safety by failing to protect him from attack by another inmate. The plaintiff names Arnold Holt, the warden of Bullock, Donald Cunningham, Melvin Curry, Nakia Hedgebeth, Marshall James, Windom McGhee, and officer Cory, all correctional officers assigned to Bullock, as defendants in this cause of action.

The defendants filed a special report and supporting evidentiary materials addressing the plaintiff's claim for relief. Pursuant to an order entered herein, the court deems it appropriate to treat this report as a motion for summary judgment. *See Order of August 7, 2003 - Court Doc. No. 14*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in

support thereof, and the plaintiff's response in opposition to motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. FACTS

On April 15, 2003, at approximately 8:00 p.m. in dorm number 16 at Bullock, an argument occurred among inmates regarding which television show would be watched. Specifically, the plaintiff engaged in a "verbal altercation" with inmate Ismael Yahkeem expressing his displeasure over the show that the inmates had voted to watch. *Plaintiff's Exhibit A to the August 21, 2003 Response* at 1. Although Yahkeem attempted to grab the plaintiff, Caple "pushed him off." *Id*. Upon hearing the altercation and observing Caple's demeanor while he walked to the rear of the dorm, defendant Hedgepeth, the cubicle officer, advised defendants Cunningham, Curry, McGhee and Flowers of a potential disturbance in dorm 16. *Defendants' Exhibit A - Institutional Incident Report BCCF 03-522* at 1. These officers responded to defendant Hedgebeth's request for assistance and proceeded to the television viewing area. Defendant Cunningham questioned Caple about the situation and Caple explained that the inmates had "'been watching twenty four (24) all the time and tonight them punks got a bunch of their guys and voted to watch something else.'" *Id*. at 4. The plaintiff identified "the other party involved" in the dispute as "Ismael Yahkeem." *Plaintiff's Exhibit A to the August 21, 2003 Response* at 1. During this conversation and without drawing the attention of correctional officers, inmate Yahkeem positioned himself behind the plaintiff. When defendant Cunningham turned away from the plaintiff to speak

with another inmate, Yahkeem cut the plaintiff's neck with a "shank" which consisted of two double-edged razor blades bound together by tape.

The plaintiff alleges that the defendants failed to protect him from this attack by inmate Yahkeem. The defendants deny that they acted with deliberate indifference to the plaintiff's safety. In support of this assertion, the defendants maintain that they had no knowledge of any risk of danger to Caple nor did they have any reason to believe that inmate Yahkeem would attack the plaintiff in their presence. *Defendants' Special Report* at 6.

## II. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claim. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to

establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996) .

Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, the plaintiff has failed, after being afforded an opportunity to do so, to go beyond the pleadings and present evidence necessary to establish that there is a genuine issue of material fact in order to preclude summary judgment.

### III. DISCUSSION

A correctional official may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces

"a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844. Thus, in order to survive summary judgment on this claim, the plaintiff is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a ' "sufficiently culpable state of mind." ' " *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... [T]he prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

While it is unfortunate that Caple suffered an assault at the hands of a fellow inmate, the record is completely devoid of evidence that the incident occurred due to any deliberate

5

indifference or reckless disregard by the defendants with respect to the safety of the plaintiff. The pleadings filed in this case demonstrate that the defendants neither knew nor should have known that inmate Yahkeem posed a substantial risk of serious harm to the plaintiff. The plaintiff has therefore failed to establish the requisite element of subjective awareness on the part of the defendants. *Carter*, 352 F.3d at 1350. Consequently, summary judgment is due to be granted in favor of the defendants. *See Celotex v. Catrett*, *supra*.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be granted.

2. Judgment be entered in favor of the defendants.

3. The costs of this proceeding be taxed against the plaintiff.

4. This case be dismissed with prejudice.


It is further

ORDERED that on or before August 9, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this   26th  day of July, 2005.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE